**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Tyron Anderson,

Plaintiff,

vs.

Sears, Roebuck and Co.,
a foreign corporation,

Defendant.

Case No. 01-1768 (JMR/FLN)

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, Plaintiff Tyron Anderson ("Plaintiff") and Defendant Sears, Roebuck and Co. ("Defendant") in the above-entitled action have, or will, engage in discovery in connection with this lawsuit; and

WHEREAS, said discovery has and may involve the disclosure of documents or information of a confidential, proprietary, personal or secret nature; and

WHEREAS, Chambers and Defendants wish to enter into a Stipulation pursuant to which the Court may enter a Protective Order pursuant to Fed.R.Civ.P. Rule 26(c) to maintain the confidentiality of any such confidential, proprietary, personal or secret documents or information;

THEREFORE, to effectuate this intent, Plaintiff and Defendant, through their undersigned counsel, hereby stipulate and agree that upon execution of this Stipulation, without further proceedings, the Court may enter a Protective Order with the following terms:

MAR 2 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

1. Any information and documents produced or exchanged in the course of this case, including, but not limited to any information: (i) contained in documents produced pursuant to a request for production of documents under the provisions of the Federal Rules of Civil Procedure; (ii) provided in an answer to an interrogatory or contained in a document produced in lieu thereof; (iii) produced in response to a subpoena duces tecum; (iv) provided by way of testimony at a deposition; or (v) presented in any pleading or memoranda, shall be subject to the terms of this Stipulation and Protective Order entered pursuant to it.

2. All information designated confidential which is produced or exchanged in the course of this case shall be used solely for the purposes of the prosecution of and defense of this case and for no other purpose. A party may designate information or materials as "CONFIDENTIAL" where that person (the "Designating Person") reasonably believes that the information or materials constitute, reflect or disclose confidential, competitive or personally sensitive, proprietary or trade secret information of the Designating Person which that person wishes to maintain in confidence. The Designating Person shall make such designation:

a. at the time any such information or a copy of any such document is provided to the requesting party;

b. prior to or at the time any such document is produced for inspection;

c. in the case of testimony, at the time the testimony is given or within 30 days after the transcript of such testimony is available, the Designating Person(s) shall mark all copies of the deposition within its possession and control by placing the designation "CONFIDENTIAL" upon the pages or lines to be designated and serve notice upon all counsel. Deposition transcripts that have been received prior to the execution of this Stipulation may be designed "CONFIDENTIAL" within 30 days after execution of this Stipulation. Between the date of receipt by counsel of the transcript and the last date for the designation of confidential information, the entire deposition transcript shall be treated as "CONFIDENTIAL"; or

d. in the case of information presented in a pleading by memorandum, at the time when the same is filed.

3. Information or material designated as "CONFIDENTIAL" shall not be made available to anyone other than "QUALIFIED PERSONS" as defined in Paragraph 4. In connection with the production of information or material designated "CONFIDENTIAL" by any Designating Person, such information and material shall be marked conspicuously, marking at least the cover or first page (preferably each page) of such material or information that contains, reflects, or discloses confidential information or material.

4. Unless and until a party obtains a Court order permitting disclosure, all information and documents, and the contents of those documents designated as confidential under this Stipulation and Protective Order shall be disclosed only to "QUALIFIED PERSONS." For purposes of information and documents designated "CONFIDENTIAL," "QUALIFIED PERSONS" shall include legal counsel representing plaintiff and defendant in Court. Legal counsel shall include the attorneys of record for the parties, their partners and associates, and the employees of their firm. For information and documents designated "CONFIDENTIAL," "QUALIFIED PERSONS" may also include: 1) other persons actually employed or otherwise retained by legal counsel to assist them or provide technical or expert counsel or testimony in connection with this lawsuit; 2) a party who is an individual; 3) officers or partners of a corporation, partnership or any entity or unincorporated association that is a party in addition to such a party's in-house counsel; 4) an officer, employee or other person who has given or is scheduled to give deposition or court testimony in this matter; and 5) any designated corporate representatives:

a. Except as provided below in part (c) of this paragraph 4, inspection and receipt of all documents and information alleged to be confidential shall be limited to "QUALIFIED PERSONS" as defined in this paragraph 4 of this Stipulation and

Protective Order. All such confidential documents and information designated "CONFIDENTIAL" under this Stipulation shall be held in confidence by those inspecting or receiving them, shall be used only for purposes of this action, shall not be used for any personal, business or competitive purpose, and shall be disclosed to no one except "QUALIFIED PERSONS."

b. Any copies of such documents and transcripts of testimony containing confidential information shall be at all times kept in the possession of the "QUALIFIED PERSONS" as defined in paragraph 4 of this Stipulation.

c. There shall be no inspection or receipt of such documents or information by persons other than those identified as QUALIFIED PERSONS in this paragraph 4 except by other written agreement of counsel for the parties or by order of the Court.

5. No QUALIFIED PERSON shall have access to information or materials covered by this Stipulation and Protective Order without having first read, acknowledged and agreed in writing to be bound by the Stipulation and Protective Order by signing a written agreement in the form attached as Exhibit A; provided, however, that counsel for the parties (including in-house counsel), their legal staff, paralegals and support staff, need not individually sign an acknowledgment. A copy of each written agreement signed in the form attached as Exhibit A showing the name, address and identity of each person signing the agreement shall be maintained by counsel for the party obtaining it, and shall be made available for any other party upon request.

6. In the event of disclosure of information or materials designated "CONFIDENTIAL" to a person not authorized for access to such material under the terms of this Protective Order, the party responsible for having made such a disclosure or any party with knowledge of such disclosure shall immediately inform counsel for the party whose "CONFIDENTIAL" information has thus been disclosed of all known, relevant information concerning the nature and the circumstances of the disclosure. The responsible party shall also

take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or material is made by anyone and each party will cooperate in that effort.

7. Any party may move the Court for an order permitting the disclosure or use of any information or document covered by the Stipulation and Protective Order for any purpose. The Court may enter such order it deems appropriate and a party may thereafter disclose or use such information or documents as a Court order may permit in such manner as the Court order may provide.

8. In the event a party seeking production of information (the "Requesting Party") disagrees in good faith with any designation of confidentiality made by a Designating Person, the Requesting Party shall notify the Designating Person of its objection. If the parties are in good faith unable to resolve their disagreement, the Requesting Party shall file with the Court a motion to remove the "CONFIDENTIAL" designation which identifies by document control number the document(s) bearing the confidentiality designation with which the Requesting Party disagrees. However, a receiving party shall be under no obligation to object to the designation of any document as "CONFIDENTIAL" at the time the designation is made, or at any other time. Any party shall not, by failing to object, be deemed to have acquiesced or agreed to the designation or be barred from objecting to the designation at any time. The purpose of this Stipulation and Protective Order is to facilitate discovery in this litigation.

9. If a party at any time wishes to have the designation of any document changed or to have the "CONFIDENTIAL" designation of any document removed, that party shall first request in writing that the Designating Party changes the designation. If the party designating the document does not agree, then the receiving party may file a motion with the Court for an

order changing or removing the designation. If such a motion is filed, the information and documents shall be kept confidential pending ruling on the motion.

10. Nothing herein shall prohibit a party or its counsel from disclosing a document designated "CONFIDENTIAL" to the person the document identifies as an author or addressee of such document.

11. The inadvertent production or disclosure of any document, material or information subject to the attorney-client privilege, attorney-work product privilege, or any other applicable privilege shall not be deemed a waiver, in whole or in part, of the producing party's claim of such privilege. The parties further agree that all such documents or materials inadvertently disclosed (and all copies of such materials) shall be returned to the producing party within twenty-four (24) hours after written demand for such return is made by the producing party.

12. In the event any person or party having possession, custody or control of any "CONFIDENTIAL" information receives a subpoena or other process or Order to produce such information, such person or parties shall notify by mail the attorneys of record of the party claiming such "CONFIDENTIAL" treatment of the documents sought by such subpoena or other process or Order, shall furnish those attorneys of record with a copy of said subpoena or other process or Order and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The party asserting the "CONFIDENTIAL" treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or Order shall be entitled to comply with that except to the extent the party asserting the "CONFIDENTIAL" treatment is successful in obtaining an order modifying or questioning it.

13. No party shall file with the Court any motion, brief or other paper containing otherwise exhibiting, excerpting or disclosing any information designated as "CONFIDENTIAL" hereunder, unless said motion, brief, or other paper is filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, and the words - "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement in substantially the following form:

> This envelope contains documents which were filed in this case by the [name of party]. Pursuant to Order of Court, it is not to be opened nor shall its contents be displayed or revealed except by Court order or by stipulation of the parties.

14. After final termination of this action, whether by trial, appeal, settlement or otherwise, the provisions of this Protective Order with respect to the dissemination of confidential information shall continue to be binding. Within thirty (30) days of the final termination of this action, attorneys for each party shall return all confidential documents and information to the party who produced such documents, including all copies, extracts or summaries thereof or documents containing information designated under either confidential category, but excluding any materials which in the judgment of attorneys in possession of such materials are work product materials as to which of those attorneys will take reasonable steps to ensure the continued protection of confidential information contained herein.

15. The restrictions set forth in any of the preceding paragraphs shall not apply, on the Court's finding, as to any information::

a. which at the time or receipt by the recipient is a matter of public or written record; or

b. which the recipient party, its attorneys, or expert witnesses engaged by its attorneys, can show:

(1) as a matter of written record was already known to it or them, or

(2) as a matter of written record was independently developed by the recipient party, its attorneys, or expert witnesses engaged by its attorneys.

16. This Stipulation and Protective Order shall neither foreclose or limit any of the parties from opposing the production of any documents, the taking of any testimony, or the discovery of any information under the Federal Rules of Civil Procedure and relevant case law nor constitute a waiver of objections to the admission of evidence at trial on any basis under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

17. The Court retains jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments, modifications, deletions, clarifications, and additions to this Protective Order as the Court from time to time may deem appropriate.

Dated: 3/15/02

CARSON, CLELLAND & SCHREDER

Jeffrey a. Carson, Esq.
6300 Shingle Creek Parkway, Suite 305
Minneapolis, Minnesota 55430
Telephone: 763-561-2800

ATTORNEYS FOR PLAINTIFF
TYRON ANDERSON

Dated: 3/20/02

JACKSON LEWIS SCHNITZLER & KRUPMAN

Thomas E. Marshall (#155597)
Shelly B. Martin (#287076)
150 Fifth Street Towers, Suite 2800
150 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 341-8131

ATTORNEYS FOR DEFENDANT
SEARS, ROEBUCK AND CO.

IT IS SO ORDERED

Dated this 25th day of March, 2002

By ______________________
The Honorable Judge Rosenbaum

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

The undersigned hereby declares that s/he has read the Stipulation and Protective Order in the case of Tyron Anderson v. Sears, Roebuck and Co., venued in United States District Court for the District of Minnesota, Case No. 114651 JMR/FLN, relating to the confidentiality of records and documents and that s/he understands the terms thereof and hereby agrees to observe all of the terms set forth in the District Court Order.

____________________________________
Name

____________________________________
Address

____________________________________

____________________________________
Title or Capacity in which
Signatory is Acting

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01